# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No: 09-CV-01063 REB-KMT**

TONYA CREEL,

Plaintiff,

v.

SAM JAHANI, D.O. and URGENT CARE, INC., a Colorado Corporation,

Defendants.

---

## DEFENDANTS' AMENDED ANSWER AND COUNTERCLAIM

---

Defendants Sam Jahani, D.O. and Urgent Care, Inc. respectfully submit the following Amended Answer to Plaintiff's Complaint and Jury Demand.

### JURISDICTION AND VENUE

1.      Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and, therefore, they deny those allegations.

2.      Defendant Sam Jahani admits that he is a physician in private practice and that he practices in Delta and other western slope cities.  Defendant Jahani and Defendant Urgent Care deny all remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant Urgent Care, Inc. admits that it is a Colorado corporation that maintains its principal place of business at 164 W.3rd Street, Delta, CO 81416 and Defendant Sam Jahani admits that he is a principal shareholder of Urgent Care, as well as an officer and director.



Defendant Jahani and Defendant Urgent Care deny all remaining allegations in Paragraph 3 of Plaintiff's Complaint.

## I. **PRELIMINARY ALLEGATIONS**

4.      Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and, therefore, they deny those allegations.

5.      Defendant Jahani and Defendant Urgent Care admit that Creel was employed by Defendant Sam Jahani and that Creel's employment began in the beginning of May 2006. Defendants deny all remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant Jahani and Defendant Urgent Care deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant Sam Jahani admits that he regularly saw patients at Delta County Memorial Hospital in Delta and was medical director for two nursing homes, the Palisade Living Center in Palisade, Colorado and the Willowtree Nursing Home in Delta. Defendant Jahani and Defendant Urgent Care deny all allegations not specifically admitted in Paragraph 7 of Plaintiff's Complaint.

8.      The allegations in Paragraph 8 of the Complaint are legal conclusions that need not be admitted, nor denied. To the extent a response is required, Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint are legal conclusions that need not be admitted, nor denied. To the extent a response is required, Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 9 of the Complaint.

10.     The allegations in Paragraph 10 of the Complaint are legal conclusions that need not be admitted, nor denied.  To the extent a response is required, Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 10 of the Complaint.

11.     The allegations in Paragraph 11 of the Complaint are legal conclusions that need not be admitted, nor denied.  To the extent a response is required, Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 11 of the Complaint.

## II. FACTS

12.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 12 of the Complaint.

13.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and, therefore, they deny those allegations.

14.     Defendant Jahani denies that he committed any wrongful billing practice.  And Defendant Urgent Care denies that it committed any wrongful billing practice.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint, and, therefore, they deny those allegations.

15.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and, therefore, they deny those allegations.

3

17.     In response to Paragraph 17, Defendant Jahani and Defendant Urgent Care admit that for purposes of medical billing, the services a physician generally provides a patient is identified by a standardized, numerical code called a CPT code.  Defendant Jahani and Defendant Urgent Care deny the remaining allegations in Paragraph 17 of the Complaint.

18.     In response to Paragraph 18, Defendant Jahani and Defendant Urgent Care admits that CPT codes 99212 through 99215 describe four different levels of outpatient physician visits. Defendant Jahani and Defendant Urgent Care deny the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 19 of the Complaint.

20.     In response to Paragraph 20 of the Complaint, Defendant Jahani admits that one of Creel's job duties while she was employed by Dr. Jahani was to bill patients, insurance companies, and Medicare for the services Defendants provided for its patients.  Defendants also admit that TrailBlazer is the Medicare administrative contractor through which Defendant Jahani and Defendant Urgent Care billed Medicare.  Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and, therefore, they deny those allegations.  Defendant Jahani and Defendant Urgent Care deny all allegations in Paragraph 20 of Plaintiff's Complaint that is not specifically admitted herein.

21.     In response to Paragraph 21 of the Complaint, Defendant Jahani states that Creel was not assigned any authority or discretion to change the CPT billing codes provided to her by physicians without first discussing that issue with the relevant physician and receiving the authority

to alter the code designated.  Defendant Jahani and Defendant Urgent Care deny all allegations in Paragraph 21 of the Complaint that are not specifically admitted herein.

22.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 22 of the Complaint.

23.     Defendant Jahani and Defendant Urgent Care state that the Complaint referenced in Paragraph 23 speaks for itself.  Defendant Jahani and Defendant Urgent Care deny the remaining allegations in Paragraph 23 of the Complaint.

24.     Defendant Jahani and Defendant Urgent Care admit that Dr. Jahani entered into a Settlement Agreement with the U.S. Attorney which incorporated a Corporate Integrity Agreement ("CIA").  Defendant Jahani and Defendant Urgent Care deny the remaining allegations in Paragraph 24 of the Complaint.

25.     In response to Paragraph 25, Defendant Jahani and Defendant Urgent Care admit that Dr. Jahani signed a CIA on, or about, December 3, 2005 and Defendant Jahani and Defendant Urgent Care state that the CIA speaks for itself.  Defendant Jahani and Defendant Urgent Care admit that Dr. Jahani hired Robin Linker as a Independent Review Organization.  Defendant Jahani and Defendant Urgent Care deny the remaining allegations in Paragraph 25 of the Complaint.

26.     In response to Paragraph 26, Defendant Jahani and Defendant Urgent Care specifically incorporate their response to Paragraph 25 of the Complaint.  Further, Defendant Jahani and Defendant Urgent Care admit that Dr. Jahani was required to develop a set of policies and procedures relating to compliance with Medicare requirements.  Defendant Jahani and Defendant Urgent Care further admit that Defendant Jahani created a Compliance and Ethics Program Manual and complied with the requirements of the CIA.  Defendant Jahani and Defendant Urgent Care state

5

that the remaining allegations are covered by attorney-client privilege and, accordingly, Defendant Jahani and Defendant Urgent Care do not address these allegations. Finally, Defendant Jahani and Defendant Urgent Care deny all allegations in Paragraph 26 of the Complaint that are not specifically admitted.

27.     In response to Paragraph 27, Defendant Jahani and Defendant Urgent Care specifically incorporate their response to Paragraph 25 of the Complaint. Additionally, Defendant Jahani and Defendant Urgent Care admit that they provided training for their employees on the compliance and ethics program manual and on Medicare billing. Defendant Jahani and Defendant Urgent Care further admit that Defendant Jahani contracted with Susan Thurston to assist Defendant Jahani and Defendant Urgent Care in training their employees. Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations that Thurston and Linker frequently worked together as trainers and IRO's for Medicare providers who are working under CIAs and, therefore, they deny those allegations. Defendant Jahani and Defendant Urgent Care deny the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and, therefore, they deny those allegations.

29.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and, therefore, they deny those allegations.

30.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 30 of the Complaint.

31.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 31 of the Complaint.

32.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 32 of the Complaint.

33.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 33 of the Complaint.

34.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 34 of the Complaint.

35.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 35 of the Complaint.

36.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint, and, therefore, they deny those allegations.

37.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint, and, therefore, they deny those allegations.

38.     Defendant Jahani and Defendant Urgent Care admit that Trailblazer sent a letter to Defendant Jahani on October 24, 2008 and Defendant Jahani and Defendant Urgent Care state that the letter speaks for itself.   Defendant Jahani and Defendant Urgent Care deny all remaining allegations in Paragraph 38 of the Complaint.

39.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint, and, therefore, they deny those allegations.

40.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 40 of the Complaint.

41.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint, and, therefore, they deny those allegations.

42.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 42 of the Complaint.

43.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint, and, therefore, they deny those allegations.

44.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint, and, therefore, they deny those allegations.

45.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint, and, therefore, they deny those allegations.

46.     Defendant Jahani and Defendant Urgent Care Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     In response to Paragraph 47 of the Complaint, Defendant Jahani admits that there was a staff meeting on or around September 14, 2008, but Defendant Jahani and Defendant Urgent Care deny the remaining allegations in this Paragraph of the Complaint.

48.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint, and, therefore, they deny those allegations.

49.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint, and, therefore, they deny those allegations.

50.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 50 of the Complaint.

51.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 51 of the Complaint.

52.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 52 of the Complaint.

53.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint, and, therefore, they deny those allegations.

54.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint, and, therefore, they deny those allegations.

55. Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 55 of the Complaint.

56. Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint, and, therefore, they deny those allegations.

57. Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint, and, therefore, they deny those allegations.

58. Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 58 of the Complaint.

59. Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint, and, therefore, they deny those allegations.

60. Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint, and, therefore, they deny those allegations.

61. Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint, and, therefore, they deny those allegations.

62. Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint, and, therefore, they deny those allegations.

63.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint, and, therefore, they deny those allegations.

64.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint, and, therefore, they deny those allegations.

65.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 65 of the Complaint.

66.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint, and, therefore, they deny those allegations.

67.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 67 of the Complaint.

68.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 68 of the Complaint.

69.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint, and, therefore, they deny those allegations.

70.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 70 of the Complaint.

71.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint, and, therefore, they deny those allegations.

72.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 72 of the Complaint.

73.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint, and, therefore, they deny those allegations.

74.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 74 of the Complaint.

75.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 75 of the Complaint.

76.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 76 of the Complaint.

77.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Complaint, and, therefore, they deny those allegations.

78.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's Complaint, and, therefore, they deny those allegations.

79.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's Complaint, and, therefore, they deny those allegations.

80.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's Complaint, and, therefore, they deny those allegations.

81.     Defendant Jahani and Defendant Urgent Care are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Complaint, and, therefore, they deny those allegations.

82.     Defendant Jahani and Defendant Urgent Care admit that Dr. Jahani gave Plaintiff a termination letter dated December 5, 2008.  That letter speaks for itself.  Defendants deny all remaining allegations in Paragraph 82 of the Complaint.

83.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 83 of the Complaint.

## First Claim for Relief
## Whistleblower Liability

84.     In response to Paragraph 84 of the Complaint, Defendant Jahani and Defendant Urgent Care incorporate by this reference its answers to paragraphs 1 through 83 above.

85.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 85 of the Complaint.

86.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 86 of the Complaint.

87.     The allegations in Paragraph 87 of the Complaint are legal conclusions that need not be admitted, nor denied.  To the extent the extent a response is required, Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 87 of the Complaint.

## Second Claim for Relief
## Breach of Contract Liability

88.     In response to Paragraph 88 of the Complaint, Defendant Jahani and Defendant Urgent Care incorporate by this reference its answers to paragraphs 1 through 87 above.

89.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 89 of the Complaint.

90.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 90 of the Complaint.

91.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 91 of the Complaint.

## Third Claim for Relief
## Wrongful Discharge in Violation of Public Policy

92.     In response to paragraph 92 of the Complaint, Defendant Jahani and Defendant Urgent Care incorporate by this reference its answers to paragraphs 1 through 91 above.

93.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 93 of the Complaint.

94.     The allegations in Paragraph 94 of the Complaint are legal conclusions that need not be admitted, nor denied.  To the extent a response is required, Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 94 of the Complaint.

14

95.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 95 of the Complaint.

96.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 96 of the Complaint.

97.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 97 of the Complaint.

98.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 98 of the Complaint.

99.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 99 of the Complaint.

100.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 100 of the Complaint.

**Fourth Claim for Relief**
**Tortious Interference with Prospective Business Relations**

101.     In response to Paragraph 101 of the Complaint, Defendant Jahani and Defendant Urgent Care incorporate by this reference its answers to paragraphs 1 through 100 above.

102.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 102 of the Complaint.

103.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 103 of the Complaint.

104.     Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 104 of the Complaint.

105.    Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 105 of the Complaint.

### Sixth[1] Claim for Relief
### Private Person/Private Matter

106.    In response to Paragraph 106 of the Complaint, Defendant Jahani and Defendant Urgent Care incorporate by this reference its answers to paragraphs 1 through 105 above.

107.    Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 107 of the Complaint.

108.    Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 108 of the Complaint.

109.    Defendant Jahani and Defendant Urgent Care deny the allegations in Paragraph 104 of the Complaint.

110.    Defendant Jahani and Defendant Urgent Care deny all allegations not specifically admitted in its Answer to Plaintiff's Complaint.

111.    Defendant Jahani and Defendant Urgent Care deny Plaintiff is entitled to any of the relief requested in her Prayer for Relief.

112.    Defendant Jahani and Defendant Urgent Care deny all allegations not specifically admitted by the respective Defendant within this Amended Answer.

---

[1] Plaintiff's Complaint does not set forth a Fifth Claim for Relief.

16

## AFFIRMATIVE DEFENSES

A.      Plaintiff's allegations fail to state a claim upon which relief can be granted and must be dismissed.

B.      Plaintiff's claims for compensatory damages must be denied or limited pursuant to C.R.S. § 13-21-102.

C.      Any damages awarded to Plaintiff must be limited pursuant to C.R.S. § 13-17-103.

D.      Defendant Jahani and/or Defendant Urgent Care undertook actions that were based on legitimate business related reasons.

E.      Plaintiff's claims are barred because of the intentional acts of Creel and by the doctrines of waiver, estoppel, and unclean hands.

F.      Plaintiff was employed at will during her employment and, absent legal proscription, could be terminated from employment or could terminate her own employment without cause or prior notice.

G.      Plaintiff's claim for damages are barred, in whole or part, by each of her failure to mitigate damages.

H.      Any damages are capped or barred by federal statutes.

I.      Any damages are barred or reduced by Plaintiff's actions.

J.      Any damages for Plaintiff are barred or reduced by income received from collateral sources, including by not limited to, her receipt of unemployment benefits.

K.      Plaintiff's claims for damages must be dismissed or reduced because of after-acquired evidence.

17

L.      Defendant Jahani and/or Defendant Urgent Care reasonably investigated all information that was presented by Creel during her employment.

M.      At all times, Defendant Jahani and Defendant Urgent Care's actions were lawful, justified, and made in good faith.

N.      Plaintiff's retaliation claim must fail given the absence of a causal nexus between any alleged complaint made by Plaintiff and her termination.

O.      Even if an adverse action was taken against Plaintiff for reasons related to Plaintiff's protected class status or any exercise by Plaintiff of protected rights, although it is expressly denied by Defendant Jahani and Defendant Urgent Care, Plaintiff would have been subject to adverse employment action or otherwise for reasons unrelated to any protected class or activities.

P.      Plaintiff's defamation claims must be dismissed because the alleged statements are not defamatory.

Q.      Plaintiff's defamation claims must be dismissed because the alleged statements were substantially true.

R.      Plaintiff's defamation claims must be dismissed because there was an absolute privilege to make and/or publish the alleged statements.

S.      Plaintiff's defamation claims must be dismissed because there was a qualified privilege to make and/or publish the alleged statements.

T.      Plaintiff's defamation claims must be dismissed because she consented to the publication of the alleged statements.

U.      Plaintiff's defamation claims must be dismissed because the alleged statements are opinion.

18

V.      Plaintiff's defamation claims must be dismissed because the alleged statements were not published.

W.      Plaintiff's defamation claims must be dismissed because she cannot identify the content of the alleged defamatory statement.

X.      Plaintiff's contract claims must be dismissed because the contract violates the statute of frauds.

Y.      Plaintiff's contract claims must be dismissed for lack of consideration.

Z.      Plaintiff's claims must be dismissed because her exclusive remedy is Workers' Compensation.

AA.     Plaintiff's claim of breach of contract must be dismissed because Plaintiff failed to exhaust her internal remedies

BB.     To the extent that Plaintiff claims that she engaged in protected activity, Defendant Jahani and Defendant Urgent Care deny that they had knowledge that Plaintiff was engaged in protected activity and, thus, Plaintiff cannot establish that Defendant Jahani or Defendant Urgent Care were motivated by Plaintiff engaging in protected activity.

CC.     Plaintiff's wrongful discharge claim must be dismissed because Defendant Jahani and Defendant Urgent Care did not direct Plaintiff to perform an illegal act as part of Plaintiff's work-related duties, nor did they prohibit Plaintiff from performing a public duty or exercising an important job-related right or privilege.

DD      Plaintiff's wrongful discharge claim must be dismissed because no action directed by Defendant Jahani or Defendant Urgent Care violated a specific statute relating to the public

19

health, safety, or welfare, or would undermine a clearly expressed public policy relating to Plaintiff's basic responsibility as a citizen or Plaintiff's right or privilege as a worker.

EE.     Plaintiff's wrongful discharge claim must be dismissed because Plaintiff was not terminated as the result of refusing to perform any act directed by Defendant Jahani or Defendant Urgent Care .

FF.     Plaintiff's wrongful discharge claim must be dismissed because Defendant Jahani and Defendant Urgent Care were unaware that Plaintiff's refusal to comply with any order or directive was based on Plaintiff's reasonable belief that the action allegedly ordered by Defendant Jahani or Defendant Urgent Care  was illegal, contrary to clearly expressed statutory policy relating to Plaintiff's duty as a citizen, or violative of Plaintiff's legal right or privilege as a worker.

GG.     Plaintiff's claims against Defendant Urgent Care must be dismissed because it did not employ Plaintiff.

HH.     Plaintiff's claims are frivolous, vexatious, and without substantial justification.

II.     Defendant Jahani and Defendant Urgent Care reserve the right to amend their Answer to add defenses that may become known during the course of this action.

## PRAYER FOR RELIEF

Defendant Jahani and Defendant Urgent Care request the Court to dismiss Plaintiff's claims in their entirety and to award Defendant Jahani and Defendant Urgent Care their costs and reasonable attorney fees incurred in defending against such claims because Plaintiff's claims lack substantive justification and are frivolous and vexatious

---

## DEFENDANT JAHANI'S COUNTERCLAIMS

---

1.    Federal Rule of Civil Procedure 13 (a) mandates that Dr. Sam Jahani bring the following counterclaims as part of this civil action.  If the claims asserted are not deemed compulsory, then Federal Rule of Civil Procedure 13(b) permits Dr. Jahani to bring the following counterclaims as part of this civil action.

2.    Plaintiff was an employee of Dr. Sam Jahani, D.O.

3.    One of Plaintiff's job duties was to deposit the cash receipts received by Dr. Jahani.

4.    Plaintiff was the only employee whose job duty included making deposits.

5.    Plaintiff did not deposit all of Dr. Jahani's cash receipts and instead kept portions of the cash receipts for herself.

6.    Dr. Jahani contacted the local authorities about Plaintiff's theft and Plaintiff's actions are currently the subject of a criminal investigation.

### FIRST CLAIM FOR RELIEF
*(Civil Theft pursuant to C.R.S. § 18-4-405)*

7.    Dr. Jahani incorporates the allegations of the foregoing paragraphs 1 through 6 of his Counterclaims as though fully set forth herein.

8.    Plaintiff obtained property of Dr. Jahani by theft.

9.    Plaintiff obtained and exercised control over cash receipts of Dr. Jahani without authorization for her own benefit.

10.     As a direct and proximate result of Plaintiff's actions, Dr. Jahani has suffered damages.  In addition, pursuant to statute, Dr. Jahani is entitled to three times the amount of his actual damages plus reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF
*(Breach of Fiduciary Duty)*

11.     Dr. Jahani incorporates the allegations of the foregoing paragraphs 1 through 10 of his Counterclaims as though fully set forth herein.

12.     Plaintiff was acting as a fiduciary of Dr. Jahani when the events forming the basis of this claim occurred.

13.     Plaintiff breached her fiduciary duty by committing the acts alleged above.

14.     Plaintiff's breach caused Dr. Jahani damages and, accordingly, Dr. Jahani is entitled all actual and compensatory damages he incurred as a result of Plaintiff' breach of her fiduciary duty.

## DR. JAHANI'S PRAYER FOR RELIEF

Dr. Jahani respectfully requests that the Court enter judgment in his favor and against Plaintiff on Dr. Jahani's Counterclaims, and that he be awarded damages in an amount to be determined at trial, treble damages where appropriate, for his costs and for such other and further relief as the Court deems just and proper under these circumstances

Respectfully submitted this 10th day of September 2009.

BECHTEL & SANTO, L.L.P.

_s/ Michael C. Santo_
Michael C. Santo, #24083
Jim C. Colling, #38300
205 N. 4TH Street, Suite 300
Grand Junction, CO  81501
Telephone:  (970) 683-5888
Facsimile:  (970) 683-5887
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 10, 2009, the foregoing **DEFENDANTS' AMENDED ANSWER AND COUNTERCLAIM** has been sent to the following via electronic e-mail:

Michael S. Porter, Esq.
4465 Kipling Street
Wheat Ridge, CO 80033
E-mail: porterlaw@comcast.net

Richard C. LaFond, Esq.
Richard C. LaFond, P.C.
1756 Gilpin Street
Denver, CO 80202
E-mail: richardlafondpc@gmail.com

_s/ Markie J. Walker_
Markie J. Walker