IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01063 REB-KMT

**TONYA CREEL,**
Plaintiff,

v.

**SAM JAHANI, D.O.**, and **URGENT CARE, INC., a Colorado Corporation**
Defendants.

---

**SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Scheduling Conference in the above matter is currently scheduled for Thursday, September 10, 2009 at 9:00 a.m., in Courtroom C-201, Second Floor, 1929 Stout Street, Denver, CO.

|  |  |
|---|---|
| Counsel for Plaintiff: | Michael S. Porter, Esq.<br>4465 Kipling Street<br>Wheat Ridge, CO  80033<br>(303)  940-8370 |
|  | Richard C. LaFond, Esq.<br>Richard C. LaFond, P.C.<br>1756 Gilpin St.<br>Denver, CO  80202<br>(303) 388-4551 |
| Counsel for Defendants: | Michael C. Santo, Esq.<br>Jim C. Colling, Esq.<br>205 N. 4th Street, Suite 300<br>Grand Junction, CO  81501<br>(970)  683-5888 |

## 2. STATEMENT OF JURISDICTION

Federal question jurisdiction exists with respect to Ms. Creel's False Claims Act retaliation claim, pursuant to 31 U.S.C. § 3730(h) and 28 U.S.C. § 1331. Ancillary jurisdiction exists over the related common law claims pursuant to 28 U.S.C. § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiff(s):*   Tonya Creel was an employee of the Defendants and her job duties included working with the Defendants' Medicare billings. Ms. Creel became concerned regarding the truthfulness of the Defendants' Medicare billings, including the Defendants' propensity to upcode, alter medical records and bill for services which were not provided. Ms. Creel not only voiced her concerns to the Defendants, but also to the appropriate government authorities. Shortly after the Defendants learned that Ms. Creel had reported her concerns to the government authorities, she was fired, interestingly just a few weeks before her employment contract would have expired under its own terms.

In this action, Ms. Creel asserts of False Claims Act ("FCA") retaliation, pursuant to 31 U.S.C. § 3730(h); breach of contract; wrongful discharge in violation of public policy; tortious interference with prospective business relations and defamation *per se*. Ms. Creel also intends to amend her claims to assert a claim for punitive damages under C.R.S. § 13-21-102. As to the Defendant Jahani's counterclaim, Ms. Creel denies these allegations and asserts that this counterclaim evidences the Defendants' wanton and willful retaliation.

b. *Defendant(s):*   Initially, Defendants deny that both organizations employed Ms. Creel. Instead, Dr. Jahani employed Ms. Creel. Further, Defendants deny that they engaged in any unlawful employment practice or retaliation for opposing unlawful conduct, and they deny

that they did anything to give rise to any claim under the Statues, Acts, etc. referenced in the Plaintiff's Complaint.  Further, Defendants deny that they breached any contract with Plaintiff, that they tortiously interfered with Plaintiff's prospective business relationship, or that they defamed her.  Additionally, Defendants deny that Plaintiff is entitled to any of the damages requested in her Complaint.  Defendants also incorporate the other defenses and affirmative defenses pleaded by Defendants in their Answer to Plaintiff's Complaint.

With respect to Dr. Jahani's Counterclaim against Plaintiff, Dr. Jahani states that it was one of Plaintiff's job duties to deposit the cash receipts received by Dr. Jahani.  And that instead of performing that job duty, Plaintiff obtained and exercised control over the cash receipts, without authorization, for her own benefit.

  c. *Other Parties:* None

### 4. UNDISPUTED FACTS

The following facts are undisputed:

  a. Defendant Sam Jahani is a physician in private practice in Delta and other Colorado western slope cities.

  b. Defendant Urgent Care, Inc. is a Colorado corporation that maintains its principal place of business at 164 W. 3rd Street, Delta CO  81416.

  c. Defendant Sam Jahani is a principal shareholder of Urgent Care, as well as an officer and director.

  d. Tonya Creel was employed by at least Defendant Sam Jahani beginning in May of 2006.

  e. Defendant Sam Jahani regularly saw patients at Delta County Memorial Hospital

in Delta and was medical director for two nursing homes, the Palisade Living Center in Palisade, Colorado and the Willowtree Nursing Home in Delta.

   f.  For purposes of medical billing, the services of a physician generally provide that a patient is identified by a standardized, numerical code called a CPT code.

   g.  CPT codes 99212 through 99215 describe 4 different levels of outpatient physician visits.

   h.  One of Tonya Creel's job duties was to bill patients, insurance companies, and Medicare for the services the Defendants provided for their patients.

   i.  Trailblazer is the Medicare administrative contractor through which the Defendants billed Medicare.

   j.  Dr. Jahani entered into a Settlement Agreement with the U.S. Attorney which incorporated a Corporate Integrity Agreement ("CIA").

   k.  Dr. Jahani signed a CIA on or about December 3, 2005 which CIA speaks for itself.

   l.  Robin Linker was hired as an Independent Review Organization.

   m.  Dr. Jahani was required to develop a set of policies and procedures relating to compliance with Medicare requirements.

   n.  A Compliance and Ethics Program Manual was created to attempt compliance with the requirements of the CIA.

   o.  Susan Thurston provided training to Urgent Care and Dr. Jahani to train their employees.

  p. Trailblazer sent a letter to Dr. Jahani on October 24, 2008 which letter speaks for itself.

  q. There was a staff meeting on or around September 14, 2008.

  r. Dr. Jahani gave Plaintiff a termination letter dated December 5, 2008 which letter speaks for itself.

### 5. COMPUTATION OF DAMAGES

**Plaintiff:**   Plaintiff Creel is a thirty-nine year old working wife and mother, who anticipates having to continue working to age seventy.  Plaintiff has suffered severe emotional distress, humiliation, embarrassment and loss of enjoyment of life because of her termination from employment for no valid reason, coupled with the Defendants' retaliation in the form of defamation to other prospective employers within Ms. Creel's community, followed by a public and criminal accusation that she was a thief.  Plaintiff will prove that the conduct of Dr. Jahani was willful and malicious, and anticipates significant consequential and punitive damages. Unlike Plaintiff's pendant claims, Plaintiff's FCA retaliation claim has no "caps" upon compensatory or punitive damages.  In addition, Ms. Creel is entitled to payment of her attorneys' fees and costs under her 31 U.S.C. § 3730(h) claim. The Plaintiff will also seek pre-judgment interest.

With respect to Ms. Creel's economic damages, she has accepted comparable employment outside her community which requires her to travel approximately 130 miles per day.  Plaintiff's total compensation at her new job is approximately $5000.00 less than she previously earned. Subject to revision upon discovery, Plaintiff estimates her economic damages

as follows: (1) back pay - $25,000.00; (2) Front pay - $155,000.00; (3) past travel expenses - $3,150.00; and (4) future travel expenses - $90,300.00.

**Defendants:** Defendants deny that Plaintiff is entitled to any of the damages requested in her Complaint and Defendants also requests the Court to award Defendants their costs and reasonable attorney fees incurred in defending against such claims because all the claims set forth in the Complaint lack substantive justification and are frivolous and vexatious. With respect to Dr. Jahani's Counterclaims against Plaintiff, to date, Dr. Jahani has calculated that Plaintiff unlawfully retained, approximately, $36,000 of Dr. Jahani's cash receipts. Dr. Jahani will update this calculation upon the receipt of additional information and discovery, and if necessary.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The Rule 26(f) meeting was conducted on Thursday, August 20, 2009.

b. Richard LaFond and Michael Porter appeared for the Plaintiff. Michael Santo appeared for the Defendants.

c. No changes are proposed for the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

d. Rule 26(a)(1) disclosures will be made on or before September 3, 2009.

e. The parties are presently unaware of any discovery which could be effectively conducted informally.

    f.  The Plaintiff believes that she will require the Defendants to produce certain electronically stored information, including e-mails and any electronic billing and payment records.  The Defendants anticipate they may request limited electronic information from the Plaintiff.  Accordingly, the parties agree to preserve any electronically stored information, and work in an efficient manner to produce same to reduce costs.

### 7. CONSENT

The parties *have not* consented to the exercise of jurisdiction of a magistrate judge.

### 8. CASE PLAN AND SCHEDULE

    a.  Deadline for Joinder of Parties and Amendment of Pleadings:  October 26, 2009.  The Court and the Defendants are advised by the Plaintiff that she intends to amend her claims after the exchange of initial disclosures to assert claims for exemplary damages against the Defendants, pursuant to C.R.S. § 13-21-102.  The Defendants intend to move to amend their answer to clear up some minor discrepancies.

    b.  Discovery Cut-off:  March 31, 2010.

    c.  Dispositive Motion Deadline: April 30, 2010.

    d.  Expert Witness Disclosure:

(1) The parties anticipate the potential use of experts in the fields of medical practice billing; standard of care and damages and forensic psychiatry or psychology.

(2) The parties do not anticipate at this time the need to place any limitations on the use of expert witnesses and agree to limit experts to no more than four per side;

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 15, 2010.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 27, 2010.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Sam Jahani, D.O. | | | 7.0 hours |
| Tonya Creel | | | 7.0 hours |
| | | | |
| | | | |

[1]The parties will endeavor to schedule more depositions after they have received and considered the initial disclosures.

f. Interrogatory Schedule

Interrogatories may be submitted after the date of the scheduling conference up until February 26, 2010.

g. Schedule for Request for Production of Documents

---

[1] The parties are working on scheduling these depositions for early November, 2009, but as of the time of the filing of this pleading have not finalized these dates.

Requests for production of documents and admissions may be submitted after the date of the scheduling conference up until February 26, 2010.

    h.       Discovery Limitations:

           (1)      Any limits which any party wishes to propose on the number of depositions. At this time the parties do not propose Any limits which any party wishes to propose on the number of depositions. 10 per side.

           (2)      Any limits which any party wishes to propose on the length of depositions: Depositions shall be limited to the length of time set forth by the Fed. R. Civ. P. 30(d)(2), 7 hours per deposition.

           (3)      Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules. Each side will be limited to 30 interrogatories.

           (4)      Limitations which any party proposes on number of requests for production of documents and/or requests for admissions. Each side will be limited to 30 requests for production of documents and 30 requests for admissions.

           (5)      Other Planning or Discovery Orders. The parties have discussed the need for a protective order and will work to prepare and submit one for court approval.

## 9. SETTLEMENT

The parties have discussed the prospect of settlement. At this time, the parties believe preliminary discovery is necessary before meaningful settlement discussions may occur

## 10.  OTHER SCHEDULING ISSUES

9

      a.      A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement.  None.

      b.      Anticipated length of trial and whether trial is to the court or jury.  The parties anticipate that a trial, which will be to a jury, will last approximately 5 days.

### 11.  DATES FOR FURTHER CONFERENCES

      a.      A settlement conference is set for December 09, 2009 at 1:30 p.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

      (  )      *Pro se* parties and attorneys only need be present.

      (XX)      *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

      (XX)      Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before December 02, 2009 outlining the facts and issues, as well as the strengths and weaknesses of their case.

      b.      Status conferences will be held in this case at the following dates and times: None set at this time.

      c.      A final pretrial conference is set for June 29, 2010 at 9:00 a.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 10th day of September, 2009.

BY THE COURT:

s/ Kathleen M. Tafoya
_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Michael S. Porter, Esq. | Michael C. Santo, Esq. |
| 4465 Kipling Street, Suite 200 | Jim C. Colling, Esq. |
| Wheat Ridge, CO  80033-2810 | 205 N. 4th Street, Suite 300 |
| 303-940-8370 | Grand Junction, CO  81501 |
| | (970)  683-5888 |
| Richard C. LaFond, Esq. | Attorney for Defendants |
| 1756 Gilpin St. | |
| Denver, CO  80202 | |
| 303-388-4551 | |
| Attorneys for Plaintiff, Tonya Creel | |