### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**Civil Action No: 09-CV-01063 REB-LTM**

TONYA CREEL,

                              Plaintiff,

    v.

SAM JAHANI, D.O. and URGENT CARE, INC., a Colorado Corporation,

                              Defendants.

---

### DEFENDANTS' MOTION TO STAY OR IN THE ALTERNATIVE FOR ENTRY OF A PROTECTIVE ORDER UNDER F.R.C.P. 26(C)

---

Defendants Sam Jahani, D.O. and Urgent Care, Inc. ("Defendants"), by and through their counsel, Bechtel & Santo, LLP, respectfully submit this Motion to Stay or in the Alternative for Entry of a Protective Order Under F.R.C.P. 26(c), and in support thereof state as follows:

    1.    <u>Certificate of Compliance with D.C.Colo.L.R. 7.1</u>.  The undersigned counsel certifies that he conferred regarding the relief requested herein with counsel for Plaintiff. Plaintiff opposes the relief requested.

    2.    <u>Brief Summary of Facts</u>.  On May 6, 2009, Plaintiff filed a Complaint alleging, in pertinent part, that she was wrongfully terminated from her employment for blowing the whistle on what she alleges was Defendants' wrongful Medicare billings to the

government.[1]  On October 13, 2009, local law enforcement and federal agents raided Defendant Urgent Care's facilities in both Grand Junction and Montrose, as well as Defendant Sam Jahani's office in Delta. *See Exhibit 1.*  At or around this time, Defendants were informed that they were the subject of a criminal investigation.  As part of the raid, federal agents removed a large quantity of patient records and various other business documents.  These documents have not been returned to Defendants and no timeline has been established for the return of these documents.  In the meantime, Responses to Plaintiff's First Set of Discovery Requests were due on October 26, 2009, although the parties agreed to wait for the resolution of this Motion before proceeding with any further discovery.  Finally, Defendant Jahani's deposition has been noticed for November 11, 2009.

3. By this Motion, Defendants respectfully request the Court to grant a stay in this proceeding, or in the alternative, to postpone discovery and/or enter a protective order. Defendants make this request for three primary reasons: 1) Defendants desire to obtain criminal counsel to adequately advise them on their constitutional rights as they relate to any potential criminal charges; 2) a large and significant portion of Defendants' documents are currently not in their possession as a result of a criminal investigation; and 3) if relief is not granted, Defendant Jahani will be forced to choose between invoking his Fifth Amendment privileges and being able to adequately defend against the serious allegations raised in this civil litigation.

---

[1] Plaintiff's Complaint states five claims for relief: whistleblower liability, wrongful discharge, breach of contract, tortious interference with prospective business relations, and defamation.

2

4.  This Court has the discretion to stay civil proceedings, to postpone civil discovery, or to impose a protective order and/or any other conditions when the interests of justice seem to require such action. *See Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936); *Securities Exchange Commission v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980).

5.  With respect to a stay of the proceedings, as this Court previously stated, the "ultimate question...is whether the court should exercise discretion in order to avoid placing defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings." *Severino v. Klytie's Developments, Inc.,* 2008 WL 1782637 (D.Colo. April 17, 2008) *(*Attached as Exhibit 2 pursuant to D.C.Colo.LCivR 7.1(D*)) (quoting Cruz v. County of Dupage*, 1997 WL 370194, *1 (N.D. Ill. June 27, 1997) (Attached as Exhibit 3 pursuant to D.C.Colo.LCivR 7.1(D)).

6.  In *Severino*, the Court cited six factors frequently used in determining whether to enter a civil stay: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. *Severino v. Klytie's Developments, Inc.,* 2008 WL 1782637 (D.Colo. April 17,

*2008) (citing Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y.1995)).

7. In light of the Court's broad discretion to stay civil proceedings in the interest of justice, and the factors contemplated in *Severino,* the circumstances presented in this Motion warrant the exercise of the Court's discretion to stay this proceeding.

8. Defendant Jahani has a significant interest in avoiding the need to choose between waiving his Fifth Amendment rights or effectively forfeiting this case. Defendant Jahani reasonably apprehends a risk of self-incrimination if Defendants participate in any further discovery, including the upcoming deposition of Defendant Jahani. After all, Defendants have been informed that they are the subject of a criminal investigation involving the same handling of patients and patient records that, as alleged by Plaintiff, were the basis of her complaints leading to her termination. Therefore, any testimony or discovery responses provided by Defendants could be used against them in the ongoing criminal investigation. Other jurisdictions have stayed civil proceedings in similar circumstances when actual criminal charges had not yet been filed. *See Ex Parte Antonucci,* 917 So. 2d 825 (Ala. 2005) (granting a writ of mandamus compelling the trial court to stay proceedings pending the resolution of a criminal investigation).

9. Another significant factor in this case is that Defendants do not have criminal counsel at this time. And Defendants' counsel in this case has no criminal experience and cannot adequately represent the Defendants in any criminal matter.[2] Thus, Defendants civil counsel is unable to advise Defendants on their constitutional rights as they pertain

---

[2] The law firm of Bechtel & Santo, LLP is a three-person law firm specializing in employment law issues.

to any potential criminal proceeding.  For this reason, and in light of the ongoing criminal investigation, Defendants are actively attempting to obtain criminal counsel.  Once criminal counsel is obtained, that counsel will need to get up to speed on the issues in this case, and the criminal investigation, so that it can advise Defendants properly.

10. Defendants do not wish to unnecessarily delay this litigation, as they have a legitimate interest in promptly clearing their names in this dispute.  However, Defendants cannot ignore the very serious consequences that may result from a waiver of their Fifth Amendment rights, especially at a time when they have not been advised by criminal counsel.

11. In contrast, the potential prejudice to Plaintiff, that she might have to wait a little longer for her day in court, is quite small.  In fact, it is questionable whether any real prejudice would be incurred at all.  For example, the Discovery Cut-Off Deadline is set for March 31, 2009.  In other words, the parties have five months to complete discovery.  Should the Court grant a stay until the resolution of the criminal investigation, one of two results are likely to occur.  Either the investigation is completed and no charges are brought, likely resulting in at worst a slight delay and quite possibly that discovery simply is conducted at the end, rather than the beginning, of the discovery period, or charges do get filed, at which time the Court will again have to decide whether to stay this proceeding in light of the then pending status of a criminal proceeding.

12. In any event, unlike most cases, a delay in this proceeding is likely to <u>increase</u> the amount of available relevant information, since currently Defendants have no access to a large quantity of their medical and business records.  Defendants, Plaintiff, and the Courts have an interest in allowing all of the information that may either prove or

5

disprove the allegations in this case to be accessible. Justice is not achieved by allowing one party to be completely stripped of its ability to defend itself. This is particularly so when the ability to defend oneself will exist in the near future (i.e. once documents are returned to Defendants, criminal counsel is obtained, and Defendants may respond freely to Plaintiff's questions).

13. In fact, forcing discovery to go forward at this time may actually cause even greater delays later in the process due to supplemental responses, the need for additional time to review supplemental information, and the likely need to hold a second round of depositions in light of relevant material that was not initially available to Defendants.

14. Similarly, the public has little to no interest in this case since the ultimate issue is whether an individual was wrongfully terminated, and a decision on that issue will have no tangible effect on any other member of the public.

15. Finally, Defendants cannot say specifically what charges, if any, will result from the criminal investigation. However, in light of the fact that the federal agents targeted patient records, it appears likely that the issues in the criminal investigation will parallel Plaintiff's allegations of Defendants' improper patient care. As such, there is a high likelihood of overlap between this civil proceeding and any potential criminal proceeding.

16. For all these reasons, Defendants respectfully request the Court enter a stay of this proceeding until the criminal investigation is completed if no charges are filed, and until the end of any resulting criminal proceeding if charges are filed. If the Court is unwilling to exercise its discretion in this fashion, Defendants respectfully request the Court to at least stay this proceeding until Defendants are able to obtain criminal counsel, and

that counsel has a chance to familiarize itself with the allegations in this civil matter and the parallel criminal investigation.

17. If the Court denies Defendants request for a stay of this proceeding, Defendants respectfully request the Court to stay the actual exchange of discovery until the earlier of the end of the criminal investigation or February 1, 2010, at which time the stay can be revisited, or at the very least until the Defendants can obtain criminal counsel so that they may be adequately advised on their rights as they pertain to the Fifth Amendment and the ongoing criminal investigation.

18. Finally, should no stay be entered with respect to this proceeding or its discovery deadlines, Defendants respectfully request the entry of a protective order, canceling the deposition of Defendant Jahani currently scheduled for November 11, 2009 and requiring Plaintiff to wait until Defendants' documents have been returned and Defendant has obtained criminal counsel.

Respectfully submitted this 28th day of October 2009.

BECHTEL & SANTO, L.L.P.

  s/ Jim C. Colling
Michael C. Santo, #24083
Jim C. Colling, #38300
205 N. 4TH Street, Suite 300
Grand Junction, CO  81501
Telephone:  (970) 683-5888
Facsimile:  (970) 683-5887
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 28, 2009, the foregoing **DEFENDANTS' MOTION TO STAY OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER UNDER F.R.C.P. 26(C)** has been sent by electronic e-mail to the following:

Michael S. Porter, Esq.
4465 Kipling Street
Wheat Ridge, CO 80033
E-mail: porterlaw@comcast.net

Richard C. LaFond, Esq.
Richard C. LaFond, P.C.
1756 Gilpin Street
Denver, CO 80202
E-mail: richardlafondpc@gmail.com

                                                  s/ Markie J. Walker
                                                 Markie J. Walker