IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01063 REB-KMT

**TONYA CREEL,**

Plaintiff,

v.

**SAM JAHANI, D.O.**, and **URGENT CARE, INC., a Colorado Corporation**

Defendants.

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY OR IN THE ALTERNATIVE
FOR ENTRY OF A PROTECTIVE ORDER UNDER F.R.C.P. 26(C)**

---

The Plaintiff, Tonya Creel ("Creel"), by and through her counsel of record, submits the following response to the Defendants' motion to stay or alternatively for entry of a protective order.

1.  As this Court noted in its *Severino*[1] decision, the provision of a blanket stay is an extraordinary remedy only justified by particular facts. Creel respectfully submits that the Defendants, Sam Jahani, D.O. ("Jahani") and Urgent Care, Inc. ("Urgent Care"), have not established the appropriate facts to justify the wholesale suspension of this case, and further submits that a frank analysis of this situation should lead this Court to deny Jahani and Urgent Care anything but limited relief.

---

[1] *Severino v. Klyties Developments, Inc.*, 07-cv-01318, 2008 WL 1782637 (D. Colo. April 17, 2008).

2. All we know at this stage is that two federal agencies, the Drug Enforcement Agency ("DEA") and the Internal Revenue Service ("IRS"), have seized some of the Defendants' records and are considering criminal charges. *See*, Defendants' Exhibit 1 and the media articles attached hereto as Exhibit A. The focus of the investigation appears to be the Defendants' prescription or distribution of narcotics, i.e., whether their prescription of narcotics has been reasonable and necessary and conforming to federal regulations or codes. Because the IRS is involved perhaps the Defendants' federal income tax returns are also at issue. Creel proposes that discovery proceed in full, with only a limited carve out for questions to either Jahani or a Fed.R.Civ.P. 30(b)(6) representative of Urgent Care that directly address the reasonableness and necessity of the Defendants' narcotics prescriptions and/or compliance with federal narcotics regulations or codes. Creel presently does not anticipate any discovery that would encroach on the accuracy of the Defendants' federal tax returns, but requests the opportunity to re-visit that issue should the accuracy of these tax returns become relevant to the issues in this case.

3. Discovery should proceed in full because Creel's allegations have little, if anything, to do with the Defendants' prescription of narcotics and/or the Defendants' federal income tax returns. Creel claims that she was fired as the Defendants' office manager because she chronically complained about the accuracy of the Defendants' billings and ultimately blew the whistle on them to the Department of Health and Human Services ("DHHS"). Complaint, ¶¶ 12-75. There is no indication that DHHS has anything to do with the seizure of the Defendant's records or the pending criminal investigation. Furthermore, at issue in this case is the nature and scope of Creel's duties, her performance of those duties and the real reason why she was fired.

2

Creel also places into issue the Defendant's post-termination retaliatory conduct, which included providing a defamatory job recommendation.  Complaint, ¶ ¶ 76-83, 101-109.  Jahani has placed into issue whether Creel stole cash from him.  Defendant Jahani's Counterclaims, ¶ ¶ 2-14.  Discovery should proceed as to all these issues, notwithstanding the DEA's and IRS' consideration of criminal charges.

4. Creel does intend to conduct discovery regarding the falsity of the Defendants' medical billings and substantial progress can be made with respect to this issue without delving into the reasonableness and necessity of the Defendants' narcotics prescriptions and/or their compliance with government narcotics regulations or codes.

5. The false billing schemes at issue concern the Defendants practice of  "up-coding" to overuse the 99214 "established patient" billing code at a level which was mathematically impossible, and certainly not warranted by the provided level of care, requiring unnecessary follow-up office visits, billing ordinary care as "urgent," and billing for daily visits to hospital and nursing home patients, when in fact Jahani had not seen the patient. Complaint, ¶ 15.  While the Defendants' prescription of narcotics comprises a subset of these issues, in the sense that with respect to a patient for whom narcotics may have been prescribed the Defendants may have upcoded that patient's visit, may have required an unnecessary visit or billed said clinic visit as "urgent," Creel is willing to temporarily pend any question to Jahani or a Fed.R.Civ.P. 30(b)(6) representative of Urgent Care, that directly pertains to the medical necessity of any narcotic prescriptions or the Defendants' compliance with government narcotics regulations or codes.

6. Creel's outstanding discovery to the Defendants is attached hereto as Exhibits B, C, and D. The Court's review of these limited discovery requests should emphasize that, with the exception of a small portion of Request Number Three of the First Set of Requests for Production (Exhibit C), these requests do not implicate the DEA or IRS investigations. While Creel acknowledges that the Defendants cannot produce those documents currently in the government's possession, every effort should be made to produce other responsive documents in the Defendants' possession. Certainly the interrogatories can be answered based on the Defendants' best knowledge. In particular, many of the interrogatories seek the identity of third party witnesses and there is no reason why the parties cannot engage in third party witness depositions or interviews.

7. In short, there is a lot of discovery the parties can accomplish and they should proceed with this discovery and re-visit the discovery status with the Court in approximately three months.

8. Analysis of the six factors enumerated in *Severino* further supports the conclusion that the Defendants' motion should be denied. As to factor one, there is no substantial overlap between the criminal investigation and the issues in this case. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080-81 (10th Cir. 2009). Two, no indictments have been issued. As the Court noted in *In Re CFS-Related Securities Fraud Litigation*, 256 F.Supp.2d 1227, 1237 (N.D. Okla. 2003), "Courts have generally declined to impose a stay in civil proceedings where a defendant is under criminal investigation, but has not yet been indicted." Three, Creel has a strong interest in moving this case forward and proceeding to judgment. While Creel may not win this case, the fact is that the Defendants may be put out of the medical practice by either

4

their DEA or IRS violations, so it is important for Creel to be at the head of the creditor line. The delay which the Defendants seek may cause Creel not to receive compensation. Four, it is not unconstitutional for this Court to force the Defendants to make the choice whether to invoke the Fifth Amendment[2]. *CFS-Related Securities Fraud Litigation*, 256 F.Supp.2d at 1240.  And, this Court can fashion a remedy like sealing the limited aspects of their discovery responses or depositions that may pertain to the DEA or IRS investigations. *Id.* Five, the Court's interest is to move this case forward, particularly when no indictment has been issued and the potential delay is substantial and uncertain.   Six, Creel acknowledges that the interest of the public does not influence the analysis.

       9.      Accordingly, Creel respectfully prays that the Defendants' motion be substantially denied, with the Court providing only limited restrictions with respect to discovery questions to either Jahani or a Fed.R.Civ.P. 30(b)(6) representative of Urgent Care that directly address the reasonableness and necessity of the Defendants' narcotics prescriptions and/or compliance with federal narcotics regulations or codes.

      Respectfully submitted November 6, 2009.

                                    THE LAW FIRM OF MICHAEL S. PORTER

                        By:    /s/ Michael S. Porter_____
                              Michael S. Porter, Esq.
                              4465 Kipling Street
                              Wheat Ridge, CO  80033
                              Telephone:  (303) 940-8370
                              Fax:     (303) 421-4309
                              E-mail: porterlaw@comcast.net

---

[2] Furthermore, the Defendants have probably waived the Fifth Amendment privilege as to their denials of material allegations, as to their affirmative defenses and certainly as to their counterclaim.  *Mertsching v. United States*, 547 F.Supp. 124, 127-128 (D. Colo. 1982).

Richard C. LaFond, Esq.
Richard C. LaFond, P.C.
1756 Gilpin St.
Denver, CO  80202
Telephone:  (303) 388-4551
Fax:  (303) 388-8324
E-mail:  richardlafondpc@gmail.com

**ATTORNEYS FOR THE PLAINTIFF TONYA CREEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copy of the foregoing was filed and served on November 6, 2009 by CMECF addressed to:

Richard C. LaFond, Esq.             (richardlafondpc@gmail.com)
Michael C. Santo, Esq.              (santo@bechtelsanto.com)
Jim C. Colling, Esq.                (colling@bechtelsanto.com)

s/ Michael S. Porter_____

6