# EXHIBIT C

# TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY OR IN THE ALTERNATIVE FOR ENTRY OF A PROCTECTIVE ORDER UNDER F.R.C.P. 26(C)

# 09-cv-01063

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-01063 REB-KMT

**TONYA CREEL,**
Plaintiff,

v.

**SAM JAHANI, D.O.**, and **URGENT CARE, INC., a Colorado Corporation**
Defendants.
_____

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**
_____

Plaintiff, Tonya Creel, by and through her counsel of record, submits the following First Set of Requests for Production to the Defendant Sam Jahani, D.O., pursuant to Fed.R.Civ.P. 34.

For purposes of these interrogatories and requests, the following definitions apply:

A. "Document" shall include any written, printed, electronic, recorded, graphic or photographic matter, or sound production or reproduction, however produced or reproduced, of any type of nature whatsoever, which is or was in the possession or control of Defendant, its agents, employees or attorneys. "Document" also has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure. The term "document" specifically includes but is not limited to, notes, minutes, tapes, memorandum, reports, electronic mail, correspondence and letters.

B. "Identify" with respect to an individual means to state the individual's name, social security number if known, last known address, telephone number and job title.

C.     "Identify" or state the "identity" of a document means to state its date, author, type of document (e.g., letter, note, memorandum, etc.), recipient and number of pages or, if the above information is not available, some other means of describing it and its location.  If any such document was, but is no longer in Defendant's possession or control, or in existence, state whether it is (1) missing or lost; (2) has been destroyed; (3) has been transferred to others; or (4) otherwise disposed of, and in each instance explain the circumstances surrounding the disposition thereof and the approximate date of disposition. To "identify" a person means to state his or her name, date of birth, date of hire, job title, and last known home address and telephone number.

D.     "Defendants," "Sam Jahani, D.O," "Jahani," "Your," and "You," shall include any and all related entities, as well as employees, management officials, agents and representatives of the same.

If you do not understand a term used in (or what information is being sought by) a request for production, please contact Plaintiff's counsel at any time after service of this request for production, and an attempt will be made to resolve any comprehension problems orally or in writing.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce complete and legible copies of Tonya Creel's personnel file.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 2:

Please produce complete and legible copies of all material documents evidencing communications by and between Tonya Creel and you during the time period of May 2006 until the present, including e-mails, telephone messages, notes, memoranda, agreements or letters.

2

Case No. 1:09-cv-01063-REB-KMT   Document 33-3   filed 11/06/09   USDC Colorado   pg 4 of 7

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Please produce complete and legible copies of all material documents evidencing communications by and between you and any governmental entity or representative involved in assessing your compliance with federal regulations or programs, including Trailblazer Health Enterprises, LLC, "CMS" or the Centers for Medicare or Medicaid Services, the Department of Health and Human Services, the Office of the Inspector General or the Department of Drug Enforcement, during the time period of May 2006 until the present, including e-mails, telephone messages, notes, memoranda, agreements or letters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Please produce complete and legible copies of your complete file(s) regarding your employment of, association with and/or contracting with Robin Linker & Associates, Inc., including copies of all material documents evidencing communications by and between you and any representative of Robin Linker & Associates, Inc., during the time period of May 2006 until the present, including e-mails, telephone messages, notes, memoranda, agreements or letters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce complete and legible copies of your complete file(s) regarding your employment of, association with and/or contracting with Susan Thurston, including copies of all material documents evidencing communications by and between you and Susan Thurston or any representative of Susan Thurston, during the time period of May 2006 until the present, including e-

mails, telephone messages, notes, memoranda, agreements or letters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Plaintiff's Initial Disclosures provided certain documents, included within which were patient sign in sheets for certain dates, Bate stamped 173-205. With respect to the dates of May 8, 2008, May 9, 2008, May 12, 2008, May 15, 2008, May 16, 2008, May 19, 2008, October 27, 2008, October 30, 2008, October 31, 2008, November 3, 2008, November 4, 2008 and November 5, 2009, please produce complete and legible copies of all material documents pertaining to each patient's visit, including the complete chart for that date (including handwritten and typed clinic notes) and the billing documents, including the doctor's handwritten CPT code(s) for the visit, the billing form that was submitted for each patient visit on the designated date, and the documents that evidence the revenues received for each such billing.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Please produce complete and legible copies of all material documents evidencing your employment polices in effect during the time period of May 2006 until the present, including those related to employee benefits, employee conduct, employee complaints, discrimination, harassment, retaliation and day-to-day operations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Please produce complete and legible copies of all material documents which evidence any written policy statements or factual statements which you requested or required your employees or

contract laborers to sign or verify after the termination of Tonya Creel, including all such documents as signed by any of your employees or contract laborers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Please produce complete and legible copies of all material documents which evidence your efforts and/or actions to obtain written or recorded statements from your employees or contract laborers after the termination of Tonya Creel regardingthe circumstances of Ms. Creel's termination. .

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Please produce complete and legible copies of all material documents which evidence your investigation of Tonya Creel that resulted in her termination. .

**RESPONSE:**

Respectfully submitted Wednesday, September 16, 2009.

THE LAW FIRM OF MICHAEL S. PORTER

By:   /s/ Michael S. Porter
      Michael S. Porter, Esq.
      4465 Kipling Street
      Wheat Ridge, CO  80033
      Telephone:  (303) 940-8370
      Fax:     (303) 421-4309
      E-mail: porterlaw@comcast.net

      Richard C. LaFond, Esq.
      Richard C. LaFond, P.C.
      1756 Gilpin St.
      Denver, CO  80202
      Telephone:  (303) 388-4551
      Fax:  (303) 388-8324
      E-mail:  richardlafondpc@gmail.com

5

ATTORNEYS FOR THE PLAINTIFF  
**TONYA CREEL**

## CERTIFICATE OF MAILING

  I hereby certify that on Wednesday, September 16, 2009, a true and correct copy of the foregoing was placed in the U.S. Mail, postage pre-paid, addressed to the following:

Michael C. Santo, Esq.  
Jim C. Colling, Esq.  
205 N. 4th Street, Suite 300  
Grand Junction, CO  81501

              _____