**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No: 09-CV-01063 REB-KMT**

TONYA CREEL,

                            Plaintiff,

    v.

SAM JAHANI, D.O. and URGENT CARE, INC., a Colorado Corporation,

                            Defendants.

---

**DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO STAY OR IN THE ALTERNATIVE FOR ENTRY OF A PROTECTIVE
ORDER UNDER F.R.C.P. 26(C)**

---

        Defendants Sam Jahani, D.O. and Urgent Care, Inc. ("Defendants"), by and through

their counsel, Bechtel & Santo, LLP, respectfully submit the following Reply to Plaintiff's

Brief in Opposition to Defendants' Motion to Stay or in the Alternative for Entry of a

Protective Order Under F.R.C.P. 26(c).

        1.      In her opposition, Plaintiff states that "the focus of the investigation appears

to be the Defendants' prescription or distribution of narcotics," and that "perhaps the

Defendants' federal income tax returns are also at issue." *Pl.'s Opp'n, ¶2.* Then, Plaintiff

proceeds to argue in opposition to Defendants' Motion as if these assumptions are matters

of fact. *Id.* Critically however, Plaintiff provides no evidence, other than speculation

contained in newspaper articles, supporting her assumptions. And the Court should not

find her opposing arguments based on such assumptions to be persuasive.

2.      Defendants have not been informed about the scope of the criminal investigation and federal agents have repeatedly told newspapers that no further details can be released because it is a pending investigation.   Specifically, no one has informed Defendants, or accused Defendants, of improperly prescribing or distributing narcotics or that there are any problems with a tax filing.  What Defendants do know, is that the same patient records that Plaintiff alleges show false billing schemes, have been confiscated by federal and local law enforcement.  This suggests a nexus between this civil proceeding and the criminal investigation.

3.      Plaintiff does not deny that she intends to conduct discovery on "the falsity of the Defendants' medical billings," and Plaintiff concedes that "Defendants' prescription of narcotics comprises a subset of [Plaintiff's false billing allegations]. See Pl.'s Opp'n ¶¶ 4 & 5.  So, unless Plaintiff has access to information not available to Defendants, there is no way she can assure the Court, or Defendants, that Plaintiff can conduct discovery without touching on the scope of the criminal investigation.

4.      For these reasons and the reasons stated in Defendants' Motion, Defendants disagree that Plaintiff can safely "carve out" areas of permissible discovery and adequately protect Defendant Jahani's Fifth Amendment rights.

5.      Further, Plaintiff fails to identify any compelling reason to force Defendants to jeopardize Defendant Jahani's Fifth Amendment rights at this early juncture.  After all, no matter when discovery occurs in this case, the current cut-off date for discovery is March 31, 2010.  So, even if the Court provided Defendants 2 or 3 months to obtain criminal counsel and have their files returned to them, discovery could still be completed by that date.  In fact, it would not be uncommon for discovery dates to be extended by the

2

Court in light of normal scheduling issues far less important than ensuring a litigant's right to adequate counsel, allowing litigants time to ensure they can adequately defend themselves  (i.e. have their files returned), and protecting a litigant's Fifth Amendment rights.

6.      Finally, the costs and potential confusion associated with essentially performing each aspect of discovery twice (once before Defendants have all their files and can fully respond without the danger of a pending criminal investigation, and supplemental discovery after their files are returned and the investigation is concluded) is not necessary under these circumstances.  Defendants respect Plaintiff's desire for this case to move forward, and as Defendants stated in their Motion, they too have no desire for unnecessary delay.  But Defendants need to be advised by adequate counsel, they should be permitted to review all of their records before attempting to defend themselves against the very serious allegations brought in this case,[1] and the serious risks to Defendant Jahani's Fifth Amendment rights should be recognized by this Court.

7.      Therefore, Defendants respectfully request the Court to use its discretion in the best interests of justice and grant Defendants some or all of the relief requested in its Motion for the reasons stated therein.

 Respectfully submitted this 12th day of November 2009.

                                        BECHTEL & SANTO, L.L.P.

                                        s/ Jim C. Colling
                                        Michael C. Santo, #24083

_____

        [1] In fact, these same records will be needed to depose Creel regarding Defendants' counterclaims.

Jim C. Colling, #38300
205 N. 4TH Street, Suite 300
Grand Junction, CO  81501
Telephone:  (970) 683-5888
Facsimile:  (970) 683-5887
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 12, 2009, the foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER UNDER F.R.C.P. 26(C)** has been sent by electronic e-mail to the following:

Michael S. Porter, Esq.
4465 Kipling Street
Wheat Ridge, CO 80033
E-mail: porterlaw@comcast.net

Richard C. LaFond, Esq.
Richard C. LaFond, P.C.
1756 Gilpin Street
Denver, CO 80202
E-mail: richardlafondpc@gmail.com

s/ Markie J. Walker
Markie J. Walker

4