**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  09-CV-01063 REB-KMT

**TONYA CREEL,**
Plaintiff,

v.

**SAM JAHANI, D.O.**, and **URGENT CARE, INC., a Colorado Corporation**
Defendants.

---

### JOINT MOTION TO MODIFY THE SCHEDULING ORDER
---

The Plaintiff and the Defendants, pursuant to Fed.R.Civ.P. 26(c) and D.C.Colo.LCivR 7.1F and 16.1, jointly move this Court to modify the Scheduling Order, and as grounds therefore state:

1.  Pursuant to D.C.Colo.LCivR 7.1A, the parties have discussed the relief sought by this Motion and all parties support this Motion.

2.  A number of factors and events have delayed the parties' progress in completing discovery.  Notable factors and events include the government's confiscation of the Defendants' records, the delay occasioned by resolution of the Defendants' Motion to Stay or in the Alternative for Entry of a Protective Order Under F.R.C.P 26(c) (Document # 29) and the recent events of two key witnesses, Robin Linker and Susan Thurston, initially committing to depositions, then electing to retain counsel and postponing the depositions until March of 2010.

3.  The parties agree that they have exercised reasonable diligence, but believe the interests of justice will be best served by modifying the scheduling order to reflect the following

1

dates:

    a.    Deadline for Joinder of Parties and Amendment of Pleadings- April 9, 2010;

    b.    Discovery Cut-off:    June 30, 2010;

    c.    Dispositive Motion Deadline:    July 30, 2010;

    d.    Deadline for the submission of interrogatories, requests for production or requests for admission:    May 28, 2010.

    4.    With respect to the deadlines for the disclosure of expert witnesses, the parties do not presently anticipate the need to extend those deadlines, but advise the Court that they may later seek adjustment of those dates after additional discovery has been completed and the government returns the Defendants' records.

    5.    The parties also note that this Court has set a settlement conference for April 19, 2010.  At this time, the parties do not view their settlement positions to be markedly changed from their positions prior to the December 9, 2009 settlement conference which the Court cancelled.  The parties respectfully submit that this Court may want to vacate the April 19, 2010 settlement conference and reschedule a settlement conference to a later date.

    6.    Finally, the Court has set a trial in this matter for the week of July 12, 2010.  The parties jointly believe that any extension of the discovery dates will necessarily require the Court to vacate these existing trial dates.  Accordingly, the parties respectfully submit that, should the Court grant their Motion, the parties shall contact the Court within two weeks from the date an Order is entered to set a status conference at which the parties shall be prepared to set a new trial

date.[1]

7. The parties stand by to engage in a telephonic or live conference with the Court to discuss the relief sought herein, should the Court so desire.

WHEREFORE, the parties respectfully request that the Scheduling Order be modified as requested herein and request such further relief as this Court may deem appropriate.

Respectfully submitted this 25th day of February, 2010.

| /s/ | /s/ |
|---|---|
| Michael S. Porter, #11480 | Jim C. Colling, #38300 |
| THE LAW FIRM OF MICHAEL S. PORTER | BECHTEL & SANTO, LLP |
| 4465 Kipling Street | 205 N. 4th St., Suite 300 |
| Wheat Ridge, CO 80033 | Grand Junction, CO 81501 |
| Telephone: (303) 940-8370 | Telephone: (970) 683-5888 |
| Attorney for Plaintiff | Attorneys for Defendants |

---

[1] Defendants' counsel also recently learned that the trial date conflicted with a planned family vacation to celebrate his mother's birthday. Attempts to reschedule that date have been unsuccessful due to the large size of the gathering. Although this is not the primary basis for the current motion, Defendants would also respectfully request the Court to vacate the trial on this basis. Defendants' counsel apologizes for this basis and asserts that he has diligently attempted to reschedule this very important event in his family's life. Plaintiff does not oppose this basis for vacating the trial date.