# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No: 09-CV-01063 REB-KMT**

TONYA CREEL,

                Plaintiff,

v.

SAM JAHANI, D.O. and URGENT CARE, INC., a Colorado Corporation,

                Defendants.

---

## MOTION TO CONTINUE HEARING, OR IN THE ALTERNATIVE, TO APPEAR BY TELEPHONE

---

    Defendants, by and through their counsel, respectfully request this Court to continue the hearing currently set for May 4, 2010. In the alternative, Defendants respectfully request the Court to allow Defendants to appear by telephone. In support of this Motion, Defendants state as follows:

    1.    <u>Certificate of Compliance with D.C.Colo.L.R. 7.1</u>. The undersigned counsel certifies that he conferred regarding the relief requested herein with Michael Porter, Esq., and Richard LaFond, Esq., counsel for Plaintiff. Plaintiff does not consent to a continuance of the hearing and takes no position on Defendants alternative request to appear by telephone.

    2.    On March 15, 2010, this Court set a hearing on Defendants' Motion for Protective Order for May 4, 2010. (Doc. 51).

    3.    On March 16, 2010, this Court set a Settlement Conference for April 20, 2010. (Doc. 52). This date was selected by both parties with the understanding that both parties were interested in reaching a resolution in this matter in an expeditious fashion.

4. As a result of this setting, and in an effort to avoid prejudice to Defendants, Defendants' counsel elected to continue its representation, despite the conditions outlined in its Motion for Withdrawal, through the Settlement Conference.

5. On April 19, 2010, the day before the Settlement Conference, Plaintiff motioned the Court to continue the Settlement Conference and the Court granted Plaintiff's Motion. (Doc. 57).

6. On April 26, 2010, Defendants' counsel filed a Motion for Withdrawal.

7. For the reasons set forth in Bechtel & Santo's Motion for Withdrawal, Defendants and their counsel agree that the law firm of Bechtel & Santo must withdraw from its representation and can no longer afford to continue its representation of Defendants.

8. At a minimum, the Motion to Withdraw should be decided prior to holding a hearing on Defendants' Motion for Protective Order, because if the motion to withdraw is granted, as Defendants and Defendants' counsel requested, counsel obtained by Defendants should have the opportunity to assert their position on Defendants' Motion for Protective Order. And, should Defendants' Motion for Protective Order be denied, counsel obtained by Defendants would need to be involved with the setting of any deposition dates and other future discovery deadlines.

9. Further, the responsibility for any potential delay resulting from a continuance of this hearing would at least be shared by Plaintiff, and is a result of her own actions in this proceeding. After all, Plaintiff was aware of both the date of the May 4, 2010 hearing and the April 20, 2010 Settlement Conference as early as March 16, 2010. Yet, she waited until the day before the Conference, and after Defendants spent significant time and money preparing their confidential settlement statements for the Court, to ask the court for a continuance. In fact, on March 16, 2010, in an effort to facilitate compliance with the existing discovery deadlines, Defendants offered to

work with Plaintiff to set a tenative deposition date with Ms. Thurston in the event the Court denies their Motion for Protective Order.  Plaintiff did not respond to this offer. So, any claim of prejudice by Plaintiff should be unpersuasive.

10.	Finally, if the hearing is not continued, Defendants' counsel would bear the entire cost of preparing for and attending the hearing in Denver for the reasons stated in Bechtel & Santo's Motion for Withdrawal.  Bechtel & Santo is located in Grand Junction, Colorado, which is approximately 250 miles from Denver.  Not only would this be an overly burdensome cost to incur under the circumstances, but it is arguably in violation of Colorado Rule of Professional Conduct 1.8, which states that "a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation...".

11.	For these same reasons, in the alternative, if the Court denies Defendants' Motion to Continue the May 4, 2010 Hearing, Defendants respectfully request the Court to allow Defendants' counsel to attend the hearing by telephone to minimize at least some of the costs incurred by Defendants' counsel.

Respectfully submitted this 30th day of April 2010.

BECHTEL & SANTO, L.L.P.

 s/Jim C. Colling
Jim C. Colling, #38300
Michael C. Santo, #24083
205 N. 4TH Street, Suite 300
Grand Junction, CO  81501
Telephone:  (970) 683-5888
Facsimile:  (970) 683-5887
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 30, 2010, I electronically filed the foregoing **MOTION TO CONTINUE HEARING** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Michael S. Porter, Esq.
4465 Kipling Street
Wheat Ridge, CO 80033
E-mail: porterlaw@comcast.net

Richard C. LaFond, Esq.
Richard C. LaFond, P.C.
1756 Gilpin Street
Denver, CO 80202
E-mail: richardlafondpc@gmail.com

 s/ Jamie Wehling
Jaime Wehling