Westlaw.

Page 1

331 Fed.Appx. 560, 2009 WL 1395463 (C.A.10 (Colo.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 331 Fed.Appx. 560, 2009 WL 1395463 (C.A.10 (Colo.)))

**H**
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
Paul Chayne WILLIAMS, Petitioner-Appellant,
v.
Mark BROADDUS; John W. Suthers, Attorney General of the State of Colorado, Respondents-Appellees.
No. 08-1254.

May 20, 2009.

**Background:** Petitioner sought writ of habeas corpus, challenging his convictions for equity skimming and theft. The United States District Court for the District of Colorado, Zita L. Weinshienk, Senior District Judge, 2008 WL 2699770, denied the application as untimely. Petitioner appealed.

**Holdings:** The Court of Appeals, Harris L. Hartz, Circuit Judge, held that:
(1) **in camera** review was appropriate method of determining whether seized **documents** were **privileged**;
(2) defense counsel who did not labor under an actual conflict of interest did not provide ineffective assistance; and
(3) petitioner's general-warrant claim was procedurally defaulted.

Dismissed.

West Headnotes

[1] **Privileged Communications and Confidentiality** 311H 🗝31

311H **Privileged** Communications and Confidentiality
    311HI In General
        311Hk28 Determination
            311Hk31 k. **In Camera** Review. Most Cited Cases
**In camera** review was appropriate method, in criminal proceeding, of determining whether seized **documents** were **privileged**.

[2] **Criminal Law** 110 🗝1926

110 Criminal Law
    110XXXI Counsel
        110XXXI(C) Adequacy of Representation
            110XXXI(C)2 Particular Cases and Issues
                110k1921 Introduction of and Objections to Evidence at Trial
                    110k1926 k. Suppression of Evidence. Most Cited Cases
Defense counsel who did not labor under actual conflict of interest when he met with judge and prosecutor to discuss whether judge could search seized evidentiary **documents** for **privileged** information did not provide ineffective assistance. U.S.C.A. Const.Amend. 6.

[3] **Habeas Corpus** 197 🗝366

197 Habeas Corpus
    197I In General
        197I(D) Federal **Court Review** of Petitions by State Prisoners
            197I(D)4 Sufficiency of Presentation of Issue or Utilization of State Remedy
                197k362 Particular Remedies or Proceedings
                    197k366 k. Direct Review; Appeal or Error. Most Cited Cases

**Habeas Corpus** 197 🗝401

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



Page 2

331 Fed.Appx. 560, 2009 WL 1395463 (C.A.10 (Colo.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 331 Fed.Appx. 560, 2009 WL 1395463 (C.A.10 (Colo.)))

by State Prisoners
    197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
        197k401 k. In General. Most Cited Cases

**Habeas Corpus 197 ⚷404**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
        197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
        197k404 k. Cause and Prejudice in General. Most Cited Cases
General-warrant claim that was not raised in direct appeal from criminal conviction in state court was procedurally defaulted, barring federal habeas review of the claim in the absence of a showing of cause for the default and prejudice, or that a failure to consider the claim would result in a fundamental miscarriage of justice. 28 U.S.C.A. § 2254.

*560 Paul Chayne Williams, Golden, CO, pro se.

John J. Fuerst, III, Attorney General for the State of Colorado, Department of *561 Law, Denver, CO, for Respondents-Appellees.

Before BRISCOE, MURPHY, and HARTZ, Circuit Judges.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

HARRIS L. HARTZ, Circuit Judge.

**\*\*1** Paul Chayne Williams, proceeding pro se, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for equity skimming and theft in Colorado state court. The United States District Court for the District of Colorado denied the application as untimely. Mr. Williams seeks review in this court. We deny a certificate of appealability (COA) and dismiss the appeal. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal dismissal of § 2254 application).

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds,

> a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Because the prisoner must make both showings, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485, 120 S.Ct. 1595. Moreover, we may deny a COA "if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar." *Davis v. Roberts,* 425 F.3d 830, 834 (10th Cir.2005).

The grounds for relief raised in Mr. Williams's application all relate to evidence in his residence found during the execution of a search warrant and the trial court's treatment of that evidence. Detective Margaret Cassel of the Colorado Springs Police Department obtained a warrant to search Mr. Williams's residence. The warrant stated that "certain documents may contain privileged information

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

331 Fed.Appx. 560, 2009 WL 1395463 (C.A.10 (Colo.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 331 Fed.Appx. 560, 2009 WL 1395463 (C.A.10 (Colo.)))

between attorney and client," R. Vol. I Doc. 2 at 51; these documents were not to be reviewed by police officers.

Cassel found 38 boxes of documents at Mr. Williams's residence. Judge Theresa Cisneros, presiding over Mr. Williams's case, ordered that the boxes be delivered to her chambers. Although the court had originally planned for a special master to go through the boxes to determine which **documents** were **privileged**, it was unable to find anyone who would perform this task. Judge Cisneros, the district attorney, and Mr. Williams's appointed counsel, Michael McHenry, agreed that Judge Cisneros would go through the boxes herself **in camera**. Judge Cisneros then released to the district attorney's office the evidence from the boxes that she determined to be unprivileged; that office used the evidence at trial to convict Mr. Williams.

*562 **2 After losing a direct appeal, Mr. Williams filed a motion for postconviction relief in the state trial court. The motion was denied, and the Colorado Court of Appeals (CCA) affirmed. The Colorado Supreme Court denied review. Mr. Williams now seeks federal postconviction relief under § 2254.

Mr. Williams's pro se application lists five grounds for relief, but they are largely repetitive. Construing his pro se application liberally, as we must, *see Freeman v. Watkins,* 479 F.3d 1257, 1259 (10th Cir.2007), we understand Mr. Williams to be making three claims: (1) the trial judge violated his constitutional rights by going through the seized boxes and turning over to the district attorney **documents** that were protected by the attorney-client **privilege**; (2) he was provided ineffective assistance of counsel because his attorney had a conflict of interest, as evidenced by his attorney's agreement to the judge's **in camera** review; and (3) his conviction was secured using evidence obtained by executing an unconstitutional general search warrant.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "as based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan,* 376 F.3d 1193, 1196 (10th Cir.2004) (brackets, citations, and internal quotation marks omitted). Therefore, for those of Mr. Williams's claims that were adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for COA." *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir.2004).

[1] Mr. Williams's first two claims were adjudicated on the merits by the CCA. The CCA rejected Mr. Williams's claim that the trial judge violated his constitutional rights by conducting an **in camera** review of the seized boxes. Mr. Williams has cited no authority suggesting that the CCA's determination was an unreasonable application of clearly established federal law. **In camera** review

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

331 Fed.Appx. 560, 2009 WL 1395463 (C.A.10 (Colo.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 331 Fed.Appx. 560, 2009 WL 1395463 (C.A.10 (Colo.)))**

Page 4

is an appropriate method of determining whether **documents** are **privileged**. *See FDIC v. United Pacific Ins. Co.,* 152 F.3d 1266, 1276 n. 6 (10th Cir.1998) ("In determining whether the relevant records contain **privileged** communications, the district court may adopt procedures, such as *in camera* review of allegedly **privileged documents**, to protect against disclosure of **privileged** communications."). No reasonable* jurist could debate that this claim has merit. To the extent that Mr. Williams may be disputing the trial judge's decisions regarding what **documents** were **privileged**, he has failed to specify which **documents** were improperly released to the district attorney's office and has not suggested any constitutional right that would be violated in this context. *See Harvey v. Shillinger,* 76 F.3d 1528, 1534 (10th Cir.1996) ("[T]he only injury that will suffice to support [an application] for habeas corpus relief [under § 2254] is an injury to [an applicant's] federally protected right.").

**\*\*3** [2] The CCA also rejected Mr. Williams's ineffective-assistance-of-counsel claim. It held that he had failed to show that his attorney "labored under an actual conflict of interest when he met with the judge and prosecutor ... to discuss whether the judge could search the seized evidentiary documents for privileged information." R. Vol. 1 Doc. 2 at 116. No reasonable jurist could debate that the CCA's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

[3] Finally, Mr. Williams's general-warrant claim is procedurally defaulted. He did not raise the claim in his direct appeal in state court. Insofar as he attempted to raise it in the state postconviction proceedings, the CCA refused to consider it because it "could have been, but [was] not, raised on direct appeal." R. Vol. I Doc. 2 at 123.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Mr. Williams has not established "cause" or "prejudice," nor has he demonstrated that our failure to consider this claim would "result in a fundamental miscarriage of justice." *Id.* Accordingly, we deny a COA on this claim.

We DENY Mr. Williams's request for a COA and DISMISS this appeal. We GRANT Mr. Williams's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees.

C.A.10 (Colo.),2009.
Williams v. Broaddus
331 Fed.Appx. 560, 2009 WL 1395463 (C.A.10 (Colo.))

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.