IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 09-CV-01063-REB-KMT

TONYA CREEL,

                          Plaintiff,

v.

SAM JAHANI, D.O. and URGENT CARE, INC., a Colorado Corporation,

                          Defendants

**PLAINTIFF'S RESPONSE TO DEFENSE COUNSEL'S MOTION FOR WITHDRAWAL**

1.      The District of Colorado has adopted as its rules of professional responsibility the Colorado Rules of Professional Conduct (Colorado Rules).  D.C. Colo.L.R. 83.4. Colorado Rule 1.16 governs instances in which a lawyer may terminate representation.

2.      The Colorado Rules require mandatory withdrawal from representation in the following circumstances:

> (a) Representation will result in violation of the rules of professional conduct or other law;[1]
>
> (b) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;[2] or
>
> (c) The lawyer is discharged.[3]

---

[1] 2008 Colo. RPC 1.16(a)(1)
[2] 2008 Colo. RPC 1.16(a)(2)

3. The Colorado Rules allow voluntary withdrawal from representation in the following circumstances:

> (a) Where the client "fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services," so long as the client is given reasonable warning the lawyer will withdraw;[4]
>
> (b) Continued representation will result in an unreasonable financial burden on the lawyer, or has been rendered unreasonably difficult by the client;[5] or
>
> (c) Where the client fails to abide by the terms of representation, including agreements regarding the fees and costs of litigation.[6]

4. Withdrawal should not be permitted where doing so would have material adverse effect on the client's interests. 2008 Colo. RPC § 1.16(b)(1). Additionally, when ordered by a tribunal to continue representation, a lawyer must continue regardless of otherwise good cause for terminating representation. 2008 Colo. RPC § 1.16(c).

5. The determination of whether an attorney should be permitted to withdraw from representation in a civil case is left to the discretion of the court. *Sobol v. Dist. Court of Arapahoe County*, 619 P.2d 765, 767 (Colo. 1980).

6. Generally, an attorney who commits to represent a client in a specific action impliedly agrees to see that action through to its conclusion, and is not free to abandon the case without showing reasonable cause. *Sobol* at 767. The court has inherent authority to require an attorney to continue representation based upon its responsibility to conduct its business efficiently, effectively, and fairly. *Id.*

---

[3] 2008 Colo. RPC 1.16(a)
[4] 2008 Colo. RPC § 1.16(b)(5).
[5] 2008 Colo. RPC § 1.16(b)(6)
[6] 2008 Colo. RPC § 1.16, comment 8.

7. A dispute between attorney and client over the cost of representation does not automatically create a conflict of interest requiring withdrawal. *Palgut v. Colorado Springs,* 2009 WL 539723 at *6 (D. Colo. 2009)(unpublished)[7]; see also *In re Meyers,* 120 B.R. 751, 752 (Bankr.S.D.N.Y.1990) (Noting that a number of courts have found the nonpayment of fees alone to be insufficient cause for allowing withdrawal).

8. The Plaintiff objects to Bechtel and Santo's motion to withdraw because it will most assuredly bring this case to a screeching halt with no promise of an end. Mssrs. Santo and Colling represented to Mr. Porter in a telephone call that because one of the Defendants, Urgent Care, is a corporation, it can only be represented by counsel and in the absence of representation the case may not proceed. This prospect of an indefinite stay comes on the heels of two prior efforts by the Defendants to stay or delay this case, including their unsuccessful motion to stay filed last fall and the pending motion for protective order with respect to Susan Thurston.

9. In short, it appears to be to the Defendants' strategic benefit to delay this case and if Bechtel and Santo is allowed to withdraw, there would simply be no incentive to these Defendants to retain new counsel. In short, the Defendants would achieve an administrative end to this case, at great prejudice to the Plaintiff.

10. Accordingly, although it pains the undersigned counsel to cause colleagues hardship, the fact is that Bechtel and Santo should have better protected its financial interests before it entered its appearance. Now into this case, the Defendants' law firm should be required to finish this case, unless other counsel voluntarily substitutes for the Defendants.

---

[7] Unpublished opinion cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

WHEREFORE, Plaintiff prays that this Court deny Defense Counsel's Motion for Withdrawal.

Respectfully submitted this 30th day of April, 2010.

                Law Firm of Michael S. Porter

                /s/ Michael S. Porter
                Michael S. Porter, Esq.
                4465 Kipling Street
                Wheat Ridge, CO 80033
                (303) 940-8370
                E-mail:  porterlaw@comcast.net

                Richard C. LaFond, P.C.
                1756 Gilpin Street
                Denver, CO 80218
                (303) 388-4551
                Email: richardlafondpc@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Friday, April 30, 2010, a true and correct copy of the foregoing Plaintiff's Response to Defendant Counsel's Motion for Withdrawal was served via Lexis Nexis File and Serve on the following parties:

Michael C. Santo, Esq.
Jim C. Colling, Esq.
205 N. 4th Street, Suite 300
Grand Junction, CO  81501
colling@bechtelsanto.com

                s/ Yvonne Greenbaum

4