# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.** 09-cv-01063-REB-KMT | FTR C201 |
| **Date:** May 04, 2010 | Debra Brown, Deputy Clerk |
| TONYA CREEL | Michael S. Porter |
| | Richard LaFond |
| Plaintiff. | |
| v. | |
| SAM JAHANI, D.O., et al. | Michael C. Santo (Telephone) |
| | James C. Colling (Telephone) |
| Defendants. | |

## COURTROOM MINUTES / MINUTE ORDER

**MOTIONS HEARING**

**Court in session: 10:46 a.m.**

Court calls case. Appearances of counsel.

[49] Defendants' Motion for Protective Order forbidding the Deposition of Susan Thurston at issue.

10:48 a.m.   Argument by Mr. Colling.

10:53 a.m.   Argument by Mr. Porter.

11:01 a.m.   At the request of the Court to enable discussion of defendants' *ex parte* documents, plaintiff's counsel exit the courtroom.

Colloquy between the Court and Mr. Colling regarding *ex parte* documents.

11:15 a.m.   Plaintiff's counsel return to the courtroom.

Court finds that the letters dated September 13 and 14, 2006, as further identified on the record, are not privileged. After reviewing the document dated January 15, 2009, the Court finds that the retention agreement for Ms. Thurston changed significantly, and that she was at that point retained by the attorneys in anticipation of litigation.

**ORDERED:** Copies of the two September, 2006 documents, as further identified on the record, shall be provided to plaintiff's counsel.

**ORDERED:** Inquiries into what Ms. Thurston may have done from January 15, 2009 forward, are prohibited in Ms. Thurston's deposition unless otherwise agreed upon by counsel. Subpoena *duces tecum* will be limited by that date.

Discussion regarding whether all of the medical records and sign-in sheets possibly in Ms. Thurston's file should be made available to counsel.

Discussion regarding Ms. Creel's communications and subpoena *duces tecum*.

**ORDERED:** To the extent that the [49] Defendants' Motion for Protective Order is a motion for protective order to forbid the plaintiff from taking the deposition of Susan Thurston, the motion is **DENIED** as stated on the record. As to [49-1] Plaintiff's Amended Notice of Deposition Duces Tecum to Susan Thurston:
1. Ms.Thurston's file should be purged for any documents created or part of that file subsequent to January 14, 2009, and should be reviewed for privileged information. To the extent that Ms. Thurston was doing her job under the 2006 agreement, those things are not privileged and should be produced. To the extent there are medical records, they shall be produced and shall be subject to the protective order and the protections under the guidelines of HIPPA;
2. Ms. Thurston will be required to bring any memoranda or correspondence or the like with Tonya Creel; and
3. Those items that may be subject to attorney/client privilege shall be itemized in a Privilege Log.

Defendants' [59] Motion for Withdrawal filed April 26, 2010 at issue.

Discussion regarding motion to withdraw. Court notes that Urgent Care cannot appear without attorney representation.

Court finds that this is a critical stage of litigation and that counsel for the defendants should, at this point, continue in their representation of the defendants.

**ORDERED:** Defendants' [59] Motion for Withdrawal is **DENIED without prejudice** for the next thirty (30) days. During the thirty (30) day period, Dr. Jahani and Urgent Care shall make a good faith effort to obtain new counsel and shall provide the Court with an affidavit or other documentation, supporting their efforts to obtain new counsel.

Objections of defendants are noted for the record.  Mr. Colling states that there are remedies, that, for instance, Urgent Care could default and that Dr. Jahani could proceed *pro se*.  Plaintiff responds.

**ORDERED:**  Ms. Thurston's deposition shall be completed within thirty (30) days from today's date.

**ORDERED:**  Plaintiff shall produce the documents from Ms. Thurston's file within ten (10) business days from today's date.

Plaintiff anticipates requesting an extension of the deadline to join parties or amend pleadings after deposing Ms. Thurston.  Mr. Colling states defendants' objections to the anticipated request.

**ORDERED:**  Plaintiff shall file an amended complaint, if any, on or before **June 14, 2010.**

**ORDERED:**  Defendants shall file their renewed motion to withdraw or documents regarding good faith effort to obtain counsel by **June 3, 2010**.

Discussion regarding logistics of conducting Ms. Thurston's deposition.

**Court in recess: 12:05 p.m.**
Total in-court time:  01:19; hearing concluded

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.